

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# Christopher Colon v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Christopher Colon v. Williamson" (2009). *2009 Decisions*. Paper 1572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3246
_____

CHRISTOPHER COLON,
                                        Appellant

v.

WARDEN WILLIAMSON


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-01662)
U.S.D.J. William J. Nealon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2009
Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 7, 2009)
_____

OPINION
_____


PER CURIAM

    Christopher Colon, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241. For the following reasons, we will affirm.

Colon is currently confined in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). On December 29, 2003, Colon attempted to smuggle narcotics into the prison by swallowing four balloons of heroin. One of the balloons burst inside of Colon, however, causing him to lose consciousness. Colon was taken to the hospital, where he vomited two of the balloons and passed the one that remained intact. The substance in the balloons subsequently tested positive for opiates/morphine, as did Colon's urine sample.

On January 12, 2004, Colon was served with Incident Report No. 1180286, charging him with use of narcotics in violation of Disciplinary Code Section 112. The incident report was referred to the Unit Discipline Committee ("UDC"), which held a hearing the next day, January 13, 2004. At the hearing, the UDC informed Colon that, because of the seriousness of the offense, the matter was being referred to the prison Disciplinary Hearing Officer ("DHO"). At that time, Colon received written notice of his rights, and he indicated that he did not wish to have a staff representative present at the hearing.

Approximately two weeks later, on January 26, 2004, Colon appeared for a hearing before DHO Kevin Bittenbender. At the hearing, Colon admitted the charges against him, explaining that "a balloon had broke [sic] inside me when I tried to smuggle heroin through the visiting room." Colon did not present any witnesses or other evidence in

2

support of his case.  Following the hearing, the DHO issued a written decision finding Colon guilty of the charged offense.  The DHO subsequently imposed the following sanctions: disallowance of 54 days of good conduct time; 60 days of disciplinary segregation; five-year loss of phone privileges; seven-year loss of visiting privileges; a two-year loss of commissary privileges; and a disciplinary transfer.  The DHO also referred the matter to the FBI for possible criminal prosecution.

## II.

On September 11, 2007, Colon filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his due process rights had been violated during the disciplinary process.[1]  Specifically, Colon claimed that: (1) pursuant to 28 C.F.R. § 541.14(b)(1), the proceedings should not have begun until the FBI released the case for administrative action; (2) he received inadequate notice of the charges in violation of 28 C.F.R. § 541.11; and (3) there was insufficient evidence to support the DHO's finding.  By order entered July 1, 2008, the District Court denied the petition.  Colon now appeals from the District Court's order.

## III.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We review a District Court's denial of habeas corpus relief de novo.  Marshall v. Hendricks, 307 F.3d 36, 50 (3d Cir. 2002).  We review the District Court's factual

_____

[1]Colon exhausted his administrative remedies before initiating the present action.

findings for clear error.  See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002)

("In reviewing a federal habeas judgment, 'we exercise plenary review over the district

court's legal conclusions and apply a clearly erroneous standard to its findings of fact.'")

(quoting Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000)).

It is well established that "prison disciplinary proceedings are not part of a criminal

prosecution and the full panoply of rights due a defendant in such proceedings does not

apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  The Supreme Court has,

however, recognized a set of minimum procedural protections that must apply to prison

disciplinary proceedings when, as in this case, a prisoner's good-time credit is at stake.[2]

Id.  Specifically, when good-time credit is at stake, a prisoner is entitled to: (1) advance

written notice of the disciplinary charges; (2) an opportunity, when consistent with

institutional safety or correctional goals, to call witnesses and present documentary

evidence in his defense; and (3) a written statement by the factfinder of the evidence

relied on and the reasons for the disciplinary action.  Id. at 563-67.  "Revocation of good

time does not comport with the minimum requirements of procedural due process unless

the findings of the prison disciplinary board are supported by some evidence in the

---

[2]While the Due Process Clause protects against the revocation of good-time credit, it
does not provide the same level of protection against the other forms of discipline that
Colon received.  See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing
Sandin v. Conner, 515 U.S. 472, 486 (1995)).

record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (internal quotation and citation omitted).

Upon review, we agree with the District Court that Colon received all the process he was due during the disciplinary proceedings. The record reveals that Colon was given 24 hours' notice of the charges against him in accordance with 28 C.F.R. § 541.17(a); that he was provided the opportunity to call witnesses and present documentary evidence in his defense; and that he was issued a written decision setting forth the evidence relied on, and reasons for, the disciplinary action. See Wolff, 418 U.S. at 563-67.

Furthermore, the DHO's findings were clearly supported by "some" evidence in the record. In his report, DHO Bittenbender noted that his decision was based upon the following inculpatory evidence: the incident report; the toxicology report from Colon's urine sample; a chain of custody form confirming that the urine belonged to Colon; Colon's medical file; a memorandum authored by the investigating officer; and Colon's own admission of guilt. We agree with the District Court that this evidence is sufficient to support the outcome of the hearing, and meets the requirements imposed by the Due Process Clause. See Hill, 472 U.S. at 454.[3]

Accordingly, we will affirm the District Court's order denying Colon's petition for writ of habeas corpus.

---

[3]We need not reach Colon's allegations that the prison failed to follow certain other BOP guidelines because, as discussed above, such failure will not result in a due process violation as long as Colon was provided with the process he is due under Wolff.